UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,
Plaintiff,
v.
JASSICA MARIE PITTS,
a/k/a CASHMERE J. PITTS,
a/k/a "CASH,"
Defendant.

CASE NO. CR05-216 JLR

DETENTION ORDER

Offenses charged:

Count I: Kidnaping, in violation of Title 18, U.S.C., Sections 1201(a)(1) and (g)(1) and 2;

Count II: Transporting a Minor with Intent to Engage in Sexual Activity, in violation of Title 18, U.S.C., Sections 2423(a) and 2.

Date of Detention Hearing: June 24, 2005.

The Court, having conducted an uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and

the safety of any other person and the community. The Government was represented by Jill Otake. The defendant was represented by Lee Covell.

The Government moved for detention, to which the defendant stipulated.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the offense. The offense involves a minor. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for the following reasons:

(a) The serious nature of the instant offense, in combination with the defendant's flight risk, is of grave concern to the Court;

(b) The defendant stipulated to detention.

(3) Based upon the foregoing information which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 6th day of July, 2005.

MONICA J. BENTON
United States Magistrate Judge